IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEAN PRENTISS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-4279 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
RULE 12(B)(6) MOTION TO DISMISS**

Defendant, PHH Mortgage Corporation ("Defendant" or "PHH"), files this Reply[1] in Support of its Rule 12(b)(6) Motion to Dismiss (Doc. No. 5). Defendant respectfully shows the following in support:

**I. The Court Should Dismiss Plaintiff's Texas Property Code Chapter 51 Claims and Her Claim for Wrongful Foreclosure.**

1.  Plaintiff provides no citation in her Response to Defendant's Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Response") to any authority for her argument why her Texas Property Code Chapter 51 claims or her wrongful foreclosure claim should not be dismissed. *See* Doc. No. 6, at p. 5. Instead, she says she seeks to conduct discovery. *Id.* Discovery, however, will not help salvage her claim for an alleged violation of Texas Property Code section 51.002 or her claim for wrongful foreclosure as both claims cannot proceed given that Plaintiff does not even claim that a foreclosure sale was completed or that Plaintiff lost possession of the subject property. Doc. No. 5, at pp. 12-14 (no private right of action under Texas Property Code chapter 51; no claim for wrongful foreclosure without a foreclosure and

---

[1] Defendant incorporates its Rule 12(b)(6) Motion to Dismiss into this Reply. Doc. No. 5.

loss of possession of the property); Doc. No. 6, at p. 2 (claiming that a foreclosure was "attempted," but not alleging that a foreclosure sale was completed).

**II. The Court should dismiss Plaintiff's Texas Debt Collection Act claims under sections 392.304(a)(8), 392.304(a)(14), and 392.304(a)(19).**

2. Plaintiff does not make any attempt to support her claims under sections 392.304(a)(8), 392.304(a)(14), or 392.304(a)(19) with citation to authority or by reference to her Petition. Doc. No. 6, at p. 5 (solely arguing that her claim under section 392.301(a)(8)[2] should survive). As a result, she has abandoned or waived these claims, and the Court should grant Defendant's Motion to Dismiss as to these claims. *E.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (plaintiff abandoned claim by failing to address them in response to a motion to dismiss).

3. As to Plaintiff's section 392.304(a)(8) claim, Defendant stands by its argument in its Motion to Dismiss. Doc. No. 5, at pp. 14-16.

**III. The Court should dismiss Plaintiff's breach of contract claim.**

4. Plaintiff, in her Response, entirely fails to argue or reference factual allegations in her Petition to show she has sufficiently pleaded proximate causation, which is an essential element of a breach of contract claim. Doc. No. 5, at p. 12 (arguing that Plaintiff's breach of contract claim fails because she fails to allege proximate causation). As Plaintiff has not addressed proximate causation at all in her Response and has not show that somehow her damages are the proximate result of PHH's alleged failure to conduct or attempt to conduct a HUD face-to-face meeting, the Court should dismiss Plaintiff's breach of contract claim. *Id.*

---

[2] Section 391.301(a)(8) prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Plaintiff solely argues that PHH threatened to take an action prohibited by law in her response. Doc. No. 6, at p. 5.

5.	As to remainder of Plaintiff's breach of contract claim, Defendant stands by its argument in its Motion to Dismiss. Doc. No. 5, at pp. 8-12.

**IV.	The Court should dismiss Plaintiff's request for injunctive relief.**

6.	Plaintiff entirely failed to address Defendant's argument that her request for injunctive relief should be dismissed. *See generally* Doc. No. 6. Plaintiff has thus abandoned or waived this claim. *E.g.*, *Black,* 461 F.3d at 588 n.1 (plaintiff abandoned claim by failing to address them in response to a motion to dismiss).

## CONCLUSION

For the reasons stated above and those stated in Defendant's Motion to Dismiss (Doc. No. 5), Defendant respectfully request that this Court dismiss all of Plaintiff's claims with prejudice and further grant all other relief, at law or in equity, which Defendant may be so entitled.

Respectfully Submitted,

*/s/ Charles R. Curran*
J. Garth Fennegan
Texas Bar I.D. 24004642
Southern District No. 22521
*gfennegan@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
Southern District No. 1241722
*ccurran@settlepou.com*
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)
ATTORNEYS FOR DEFENDANT

Certificate of Service

      I certify that this document was served in accordance with the Federal Rules of Civil Procedure on November 26, 2019, by the manner indicated upon the following persons:

<u>Via CM/ECF</u>
Robert C. Vilt
Kerry Prisock
Vilt & Associates, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056

ATTORNEYS FOR PLAINTIFF

                                                     */s/ Charles R. Curran*
                                                     Charles R. Curran